IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EMMANUEL N. LAZARIDIS, individually and )
in his capacity as legal custodian of V. L., a minor, )
                                        )
            Plaintiff,                  )    Case No. _____
                                        )          – 0 6 – 7 9 3 –
v.                                      )
                                        )
TINA LAVINA WEHMER, individually,       )    COMPLAINT FOR DECLARATORY
MATTHEW NEIDERMAN, individually,        )    AND INJUNCTIVE RELIEF, AND
CATHERINE SUTER, individually,          )    COMPENSATORY AND PUNITIVE
AFRODITI MINA MAUROEIDI, individually, and )  DAMAGES
the OFFICE OF THE ATTORNEY GENERAL      )
OF THE STATE OF DELAWARE, by and through )
CARL C. DANBURG, Attorney General.      )
                                        )
            Defendants.                 )
                                        )

FILED

DEC 27 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

ᴾᴼ scanned
DPP

## COMPLAINT

Plaintiff, Emmanuel N. Lazaridis, a natural person, having motioned this Court to allow him

to bring the present Complaint *pro personam*, *in forma pauperis*, on behalf of himself and his minor

child, alleges as follows:

### NATURE OF ACTION

1.    This is an action challenging numerous provisions of Delaware's Uniform Child Custody

Jurisdiction and Enforcement Act ("UCCJEA"), 13 Del. C. § 1901 *et seq.*, and its Uniform

Interstate Family Support Act ("UIFSA"), 13 Del. C. § 6, as violating the federal and state

constitutions. These acts unconstitutionally extend the long arm of the law of the State of

Delaware to controversies over which Delaware has no interest. Plaintiff seeks a declaration that

the offending provisions of the UCCJEA and the UIFSA are unconstitutional. He also seeks

injunctive relief to prevent the State of Delaware from enforcing foreign orders registered in its

Family Court under the UCCJEA or the UIFSA in the present case and in every situation where

none of the parties to the registration actions or at least one of their offspring are demonstrated, by the persons seeking registration or enforcement of such foreign orders, to have minimum contacts with this State in the sense of 10 Del.C. § 3104.

2.  This action specifically addresses the harm to Plaintiff and his minor child resulting from registration in Delaware of child custody and child support orders issued by courts of the country of France. Plaintiff seeks a declaration that these enforcement actions, coupled with the fraudulent acts and legal malpractice on the part of the private defendants who obtained and sought to enforce the French foreign orders, are abhorrent to the interests of the minor child and violate the fundamental rights of Plaintiff and his minor child under the due process clauses of the federal and state constitutions. Plaintiff also seeks injunctive relief preventing the private defendants from registering any further French orders in the State of Delaware or from seeking future enforcement of such orders. Finally, Plaintiff seeks relief from the private parties in the form of compensatory and punitive damages.

## PARTIES

3.  Plaintiff, Emmanuel N. Lazaridis, is an adult citizen of the Hellenic Republic (a/k/a Greece) and the United States living with his child in Heraklion, Crete, Greece.

4.  Defendant Tina Lavina Wehmer ("Wehmer") is Plaintiff's former spouse, who "lives and will continue to live" in Heraklion, Crete, Greece.

5.  Defendant Matthew Neiderman is Defendant Wehmer's Delaware attorney of record.

6.  Defendant Catherine Suter is Defendant Wehmer's French attorney of record.

7.  Defendant Afroditi Mina Mauroeídi is Defendant Wehmer's Greek attorney of record.

8.  The Office of the Attorney General of the State of Delaware is the state agency that enforces child custody and child support orders within the State of Delaware.

- 2 -

## JURISDICTION AND VENUE

9.   This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §2201 (declaratory judgement) and 28 U.S.C. §1367(a) (supplemental jurisdiction over related claims).

10.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and pursuant to 28 U.S.C. §1391(d) in that an alien may be sued in any district.


## LEGAL BACKGROUND

*Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)*

11.  Registration and enforcement of a foreign child custody order in the State of Delaware is governed by subchapter III of Delaware's UCCJEA, which states that "[a] registered determination is enforceable as of the date of the registration in the same manner as a determination issued by a court of this State", whether or not a petitioner provides the Family Court with "a simultaneous request for enforcement". 13 Del.C. § 1934.

12.  Under the UCCJEA a "respondent" is defined to be "a person against whom a proceeding has been commenced for... enforcement of a child custody determination." 13 Del.C. § 1930(2).

13.  Except when the child custody law of a foreign country violates fundamental principles of human rights, "a child custody determination made in a foreign country under factual circumstances in substantial conformity with the jurisdictional standards of this chapter must be recognized and enforced under subchapter III" of the UCCJEA. 13 Del.C. § 1905(b).

14.  "A court of this State may grant any relief normally available under the law of this State to enforce a registered child custody determination made by a court of another state." 13 Del.C. § 1935.  Not only the judicial branch but other authorities may also be called upon to enforce a registered order.

- 3 -

15. The Family Court is **required** to "confirm the registered order" at a hearing "to contest the validity of a registered order", "unless the person contesting registration establishes", "[a]t that hearing", that one of three exceptions applies. 13 Del.C. § 1934(d).

16. Confirmation of a registration at the hearing prescribed by 13 Del.C. § 1934(d) or "by operation of law" "precludes further contest of an order with respect to any matter that could have been asserted at the time of registration". 13 Del.C. § 1934(f).

*Uniform Interstate Family Support Act (UIFSA)*

17. Registration and enforcement of a foreign child support order in the State of Delaware is governed by Delaware's UIFSA, 13 Del.C. § 6, which states that "[a] registered order issued in another state is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this State". 13 Del.C. § 6-603. Moreover, "[a] registered order is enforceable as of the date of registration in the same manner as an order issued by a tribunal of this State". 13 Del.C. § 6-605(b)(1).

18. Under the UIFSA the term "State" includes "[a] foreign country or political subdivision that: (i) Has been declared to be a foreign reciprocating country or political subdivision under federal law; (ii) Has established a reciprocal arrangement for child support with this State as provided in § 6-308 of this title; or (iii) Has enacted a law or established procedures for the issuance and enforcement of support orders which are substantially similar to the procedures under this chapter". 13 Del.C. § 6-102(21)(b).

19. "Confirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." 13 Del.C. § 6-608.

20. "In a proceeding to... enforce a support order... a tribunal of this State may exercise personal jurisdiction over a nonresident individual... if... (3) The individual resided with the child in this

- 4 -

State; (4) The individual resided in this State and provided prenatal expenses or support for the child". 13 Del.C. § 6-201(a).

## DELAWARE PROCEDURAL BACKGROUND

### *June 29, 2004 French Child Custody Order*

21. On July 2, 2004 Defendant Wehmer registered a June 29, 2004 child custody order of the Court of Appeal of Lyon, France, in the Family Court of the State of Delaware (case no. 04-21723). Notice was sent by the Family Court to the Delaware address of Plaintiff's parents.

22. On or about October 18, 2004 an attorney for Plaintiff filed a Motion to Vacate the aforesaid child custody registration.

23. The Family Court reserved judgement, scheduled a hearing for March 15, 2005, and noticed Defendant Wehmer accordingly. Neither Defendant Wehmer nor her counsel, Defendant Neiderman, appeared at the March 15, 2005 hearing.

24. The Family Court thereafter set a briefing schedule, with which the parties complied. On or about April 11, 2005 Plaintiff's attorney filed a Brief in Support of Motion to Dismiss Registration. On or about May 2, 2005 Defendant Neiderman filed a Brief in Opposition on behalf of Defendant Wehmer. On August 5, 2005 the Family Court issued an order upholding registration in Delaware of the June 29, 2004 French child custody order.

25. On or about August 15, 2005 Plaintiff's attorney filed a Motion for Reargument.

26. On or about August 30, 2005 Defendant Neiderman filed an Opposition to Plaintiff's Motion for Reargument on behalf of his client.

27. The Family Court denied Plaintiff's Motion for Reargument on September 9, 2005.

28. Plaintiff timely appealed to the Supreme Court of Delaware (case no. 461, 2005), submitting his Appellant's Opening Brief thereto on or about December 8, 2005.

29. On or about January 26, 2006 Defendant Neiderman filed an Answering Brief on behalf of

Defendant Wehmer.

30.   On or about February 6, 2006 Defendant Neiderman filed a Corrected Answering Brief on
      behalf of Defendant Wehmer.

31.   The Supreme Court of Delaware denied Plaintiff's appeal. *Letsos v. Warren*, -- A.2d --, 2006
      Del. LEXIS 315 (Del. June 12, 2006).

32.   On or about August 4, 2006 Plaintiff motioned the Family Court for relief from registration of
      the June 29, 2004 French order.

33.   In his motion dated August 4, 2006 Plaintiff requested relief from registration and enforcement
      of the June 29, 2004 French order based on the fact that modifying orders exist and that Greece
      is exercising jurisdiction over the associated child custody matter.

34.   The Family Court has not addressed Plaintiff's motion.

35.   Consequently, the June 29, 2004 child custody order of the Court of Appeal of Lyon, France is
      currently confirmed as registered and enforceable in the State of Delaware under the UCCJEA.

*May 16, 2005 Greek Divorce and Child Custody Order*

36.   On December 1, 2005 Plaintiff's mother sought and obtained from the Family Court a
      Temporary Ex Parte Order of Protection from Abuse (case no. 05-38580) in order to protect
      herself from the acts of domestic violence that were being perpetrated upon her by Defendant
      Wehmer, who suffers long-term symptoms of manic-depression.

37.   At a December 16, 2005 hearing to contest this order, Defendant Neiderman appeared on behalf
      of Defendant Wehmer and asserted that, because the Plaintiff and Defendant Wehmer are
      divorced, the Family Court has no jurisdiction over domestic violence cases.

38.   The Family Court subsequently issued an order dismissing the domestic violence case because
      Plaintiff and Defendant Wehmer are divorced "effective May 16, 2005".

39.   Consequently, the May 16, 2005 order no. 435/1234/296/2005 by the Court of First Instance of

- 6 -

Heraklion is accepted by the State of Delaware as having effected the parties' divorce.

*April 5, 2005 French Divorce and Child Custody Order*

40. On October 11, 2006 Defendant Wehmer registered in the Family Court of the State of Delaware an April 5, 2005 order in divorce issued by the Court of First Instance of Lyon, France, to be enforced as a child support order under the UIFSA (case no. 06-36278).

41. Despite knowing that Plaintiff lives near Defendant Wehmer in Heraklion, Crete, Greece, the Family Court attempted to serve the child support registration on behalf of Defendant Wehmer to the Delaware address of Plaintiff's parents on November 17, 2006.

42. On November 29, 2006 the Family Court sent notice to Plaintiff in Greece, which he received on December 7, 2006.  On or about December 15, 2006 Plaintiff filed a Motion to Vacate the aforesaid child support registration.

43. Consequently, the April 5, 2005 divorce order of the Court of First Instance of Lyon, France is currently registered and enforceable in the State of Delaware as a child support order under the UIFSA.

## GREEK PROCEDURAL BACKGROUND

*September 9, 2004 Dominican Divorce and Child Custody Order*

44. On or about March 23, 2005 Plaintiff requested recognition and enforcement by the Court of First Instance of Heraklion, Crete, Greece of the September 9, 2004 child custody and divorce order issued by the Court of First Instance of Puerto Plata, the Dominican Republic.

45. A hearing on the merits of Plaintiff's request was held by the Court of First Instance of Heraklion on April 20, 2005.

46. Order 435/1234/296/2005 was issued on May 16, 2005 by the Court of First Instance of Heraklion, which recognised the Dominican order in full.

- 7 -

47. The Dominican order states, among other things, that Plaintiff is to exercise sole physical and legal custody of his minor child.

48. The aforesaid Greek order is in effect as of the date of the filing of the present Complaint.

49. On December 6, 2006 a hearing was held before the Court of First Instance of Heraklion, at which Defendant Wehmer and Defendant Mayroeidi were present, further to Defendant Wehmer's request that the court's May 16, 2005 order be vacated.

50. The Court of First Instance of Heraklion has issued no further orders in this matter as of the date of the filing of the present Complaint.

*June 29, 2004 French Child Custody Order*

51. On or about July 19, 2005 Defendant Wehmer requested a child custody decision by the Court of First Instance of Athens based on the June 29, 2004 French order.

52. A hearing on the merits of Defendant Wehmer's request was held by the Court of First Instance of Athens on November 22, 2005.

53. Order 6584/2005 was issued on December 2, 2005 by the Court of First Instance of Athens, which decided *de novo*, in absence of notice to Plaintiff and in default of his appearance therein, that the parents would exercise joint custody over their child and that the said child would live with Defendant Wehmer, but without indicating the address at which their child would live.

54. A December 5, 2006 hearing was held before the Court of First Instance of Athens further to Plaintiff's request that the court's order of December 2, 2005 be vacated, at which Defendant Wehmer did not appear despite being properly noticed.

55. On December 5, 2006 the Court of First Instance of Athens issued an order vacating its earlier order 6584/2005 pending further argument in the custody matter. *See* December 5, 2006 order, attached as Exhibit A.

- 8 -

*Rejection of Request Pursuant to the Hague Convention on the Civil Aspects of International Child Abduction*

56. On June 8, 2006 the Ministry of Justice of the Hellenic Republic rejected Defendant Wehmer's request for return of the minor child "because the First Instance Court in Athens has already decided upon the matter of custody". *See* Decision 45592 of June 8, 2006, attached as Exhibit B. Decision no. 6584/2005 is now vacated and cannot be enforced. *See* Exhibit A.

## ALLEGATIONS OF FACT COMMON TO ALL CLAIMS

57. At all times relevant to this Complaint, Plaintiff and his child by Defendant Wehmer were citizens of the Hellenic Republic as well as of the United States, living in Heraklion, Crete, Greece.

58. Defendant Wehmer knew of Plaintiff's familial residence in Heraklion, Crete since at least 1998, when she visited Greece with Plaintiff and Plaintiff's parents.

59. On or before October 7, 2004 Defendant Wehmer informed the Ottawa County Sheriff's Department (Michigan) that Plaintiff and their minor child were living "on Crete".

60. None of Plaintiff, Defendant Wehmer, or the minor child of Plaintiff and Defendant Wehmer have minimum contacts with the State of Delaware in the sense of 10 Del.C. § 3104.

61. Absent minimal contacts with Delaware as a forum, Delaware law may not be applied to this case. "[F]or a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312-313 (1981); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985).

62. The Circuit Court of Ottawa County, Michigan ruled that it only had "temporary emergency jurisdiction" in terms of child custody, and dismissed all related cases. *Lazaridis v. Lazaridis*,

Mich. 20th Cir., Nos. 02-4479-DC and 03-45723-DM, Feyen, M. (September 29, 2003).

63.    No State of the United States has jurisdiction over the underlying child custody matter.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF FUNDAMENTAL PARENTAL AND DUE PROCESS RIGHTS

64.    Paragraphs 1-63 are re-alleged and incorporated herein by reference.

65.    The UCCJEA and the UIFSA unconstitutionally extend the long arm of the law of the State of

Delaware to controversies over which Delaware has no interest in violation of Articles 5 and 14

of the United States Constitution, and in violation of Article I, § 9 of the Delaware Constitution.

66.    The "liberty" protected by due process includes the rights of parents to "establish a home and

bring up children." *Meyer v. Nebraska*, 262 U.S. 390 (1923). "The liberty interest... of parents

in the care, custody, and control of their children... is perhaps the oldest of the fundamental

liberty interests recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000).

*Violations Pursuant To the UCCJEA*

67.    The Supreme Court of Delaware declined to address the constitutional issues raised by Plaintiff

in regards to the UCCJEA and the present controversy. *Letsos, supra.*

68.    According to the Family Court of Delaware, "it would be okay to register [a foreign child

custody order] in all 50 states if someone wanted to do that", "even if none of the parties and the

child" are connected to those States.

69.    A registration proceeding under 13 Del.C. § 1934 is not benign, but a proceeding for the

enforcement of a foreign order by the State that may be hotly contested by a responding party.

70.    In its case no. 04-21723 the Family Court defined Plaintiff to be a "respondent", meaning "a

person against whom a proceeding has been commenced for... enforcement of a child custody

determination." 13 Del.C. § 1930(2).

- 10 -

71. Registration of a hotly-contested foreign custody order in multiple states places an unreasonable litigation burden on foreign respondents.

72. Enforcement pursuant to the UCCJEA of a registered order may include the imposition of criminal charges that could not otherwise be brought by the State.

73. The choice to uphold or deny registration of a foreign order when there exist conflicting foreign orders may change legal custody of a child, and thereby provide relief ancillary to divorce, for which minimum contacts are required.

74. To the extent that the UCCJEA provides the exclusive basis for the Family Court to act in registering a foreign custody order and allows the State to provide relief but does not ensure due process of law, particularly to nonresidents, the UCCJEA violates the law of the land.

75. Denial of choice of law to a foreign respondent and child by the UCCJEA is oppressive.

76. The UCCJEA directly conflicts with European and Greek law concerning validity, registration and enforcement of child custody orders.

77. The UCCJEA directly conflicts with European Council Regulation (EC) 2201/2003.

78. Because 13 Del.C. § 1934 does not precondition registration on at least one of the parties or a child being subject to the State's jurisdiction, the Family Court may overlook all the usual limits to its authority and force a nonresident respondent into lengthy litigation regarding a matter in which Delaware has no interest whatsoever.

79. Provision of notice under 13 Del.C. § 1934 is constitutionally insufficient for the Family Court to proceed to register a foreign order for enforcement by the executive authorities of the State.

80. Despite enabling enforcement of a foreign custody order, the UCCJEA does not convey jurisdiction over nonresidents to the Family Court.

81. The jurisdiction of the Family Court in divorce actions over nonresident parties, where summons are served under the terms of 13 Del.C. § 1508, is protected on the plaintiff's side by a residency requirement. Because residency establishes state's interests, less connection is needed between a

- 11 -

defendant and a state for that state to assert its interests and application of its law. Under the UCCJEA, no Delaware interests are guaranteed to exist because none of the parties, the petitioner or the child, need have any extent of contacts with Delaware.

82. To the degree that registration and enforcement of a foreign custody order under the UCCJEA provides relief ancillary to a divorce, the Family Court must adhere to the higher standard of *in personam* jurisdiction over the parties.

83. The contest of registration envisioned by 13 Del.C. § 1934 is too abbreviated to ensure due process of law. Whereas a respondent may need discovery to establish the "factual circumstances" (13 Del.C. § 1905(b)) under which a contested order was made, such a respondent is denied recourse to the usual rules of civil procedure.

84. The Clerk of the Family Court has policies that make it nearly impossible for a foreign *pro se* party to defend his case, including a policy of not divulging any information about a case over the telephone. Plaintiff cannot even determine whether his motion of August 4, 2006 has been filed, and if so, when or whether it will be heard!

85. In addition to the onerous procedural restrictions of the UCCJEA, a respondent is restrained from raising other important flaws that may be present in foreign child custody orders. Among these are issues of whether the order being contested is in the best interests of the child or whether the order was obtained by fraud.

86. Notice of a proceeding in a foreign court does not ensure that a party was heard, particularly in the presence of fraud. An American fraudulently represented or not represented before a foreign court is at tremendous disadvantage. The question of whether or not a foreign order was obtained fraudulently is the kind of question that a party can not be foreclosed from raising under the law of the land.

87. Particularly offensive is the statutory limitation that confirmation of a foreign child custody order "by operation of law" "precludes further contest of [that] order with respect to any matter

that could have been asserted at the time of registration". 13 Del.C. § 1934(f).

88.    The UCCJEA actually encourages a petitioner to do exactly what Defendant Wehmer did in this
       case: submit faulty addresses to the courts in an attempt to deny actual notice to Plaintiff and
       timely opportunity to contest.  No matter whether or not notice is actually received by a
       respondent, the petitioner gets the fullest extent of relief allowable by law. 13 Del.C. § 1935.

89.    Plaintiff, Defendant Wehmer and their minor child are all located in Greece.

90.    On or about September 28, 2006 Defendant Wehmer, in the presence of her attorney Defendant
       Mauroeidi, signed a visitation schedule that committed her to visits lasting two or more hours per
       week at the office of the minor child's psychologist.  *See* September 28, 2006 fax from
       Defendant Mauroeidi signed by Defendant Wehmer, attached as Exhibit C.

91.    Plaintiff, Defendant Wehmer and their minor child have been present for visitation at the office
       of the child's psychologist at every officially-scheduled date.

92.    On November 23, 2006, Defendant Wehmer wrote, "I live in Heraklion and I will continue to
       live here for [our minor child].  I cannot give you my exact address... but I can give you my
       telephone number after the next meeting."

93.    At least two courts of the Hellenic Republic have issued orders pertaining to custody of the
       minor child of Plaintiff and Defendant Wehmer.

94.    The Court of First Instance of Heraklion, Crete, Greece entered a divorce and child custody
       order on May 16, 2005, which fact was admitted to the Family Court of the State of Delaware on
       December 16, 2005 by Defendant Neiderman on behalf of Defendant Wehmer.

95.    On or about November 22, 2005 Defendant Wehmer appeared with her attorney in the Court of
       First Instance of Athens, Greece to request that a Greek order be issued.

96.    On December 6, 2006 Defendant Wehmer appeared with Defendant Mauroeidi in the Court of
       First Instance of Heraklion, Crete, Greece to request that a Greek order be issued.

97.    Under Greek law, issuance of a Greek order regarding custody of a Greek child endows the

Hellenic Republic with continuing jurisdiction over that child custody matter. *See* Exhibit B.

98. The June 29, 2004 French order that is currently recognised and enforceable in Delaware is not in effect in Greece. *See* Exhibit A.

99. The May 16, 2005 order 435/1234/296/2005 of the Court of First Instance of Heraklion, by which Plaintiff is exercising sole physical and legal custody of his minor child, remains in full effect following the December 6, 2006 hearing. *See* Declaration of Attorney Giorgos Stylianakis, attached as Exhibit D.

100. At all times relevant to confirmation of the registration and enforcement of the June 29, 2004 French order in Delaware, the Dominican and Hellenic Republics had established newer child custody orders that obviated the earlier French order.

101. At all times relevant to confirmation of the registration and enforcement of the June 29, 2004 French order in Delaware, the June 29, 2004 French order had been modified even in France by the April 5, 2005 French order.

102. Delaware is not a State with a constitutionally-defensible interest in the underlying child custody litigation.

103. No Delaware court can possibly be the proper forum for a contest over the jurisdictional claims of the countries of France, the Dominican and Hellenic Republics. Litigation relative to the orders of France, the Dominican and Hellenic Republics is ongoing in the Greek courts.

104. For the State of Delaware to be enforcing an old French child custody order rejected by a Greek court is simply an unconscionable violation of Plaintiff's parental rights and liberty interests.

## *Violations Pursuant To the UIFSA*

105. The constitutional issues raised by Plaintiff in regards to the UIFSA and the present controversy are being raised for the first time herein.

106. The UIFSA does not require that any other party to a child support registration or any child in

question have contact with the State.

107. In the letter received by Plaintiff from the Clerk of the Family Court relative to the UIFSA filing in case no. 06-36278, Plaintiff is called a "respondent". Whereas the UIFSA does not define such a term, it is obviously used as a synonym for "obligor" as defined in 13 Del.C. § 6-102(13) or "nonregistering party" as employed in 13 Del.C. § 6-605.

108. Because the UIFSA does not precondition registration and enforcement on at least one party or a child being subject to the State's jurisdiction, it may be surmised that the Family Court will again overlook all the usual limits to its authority to force Plaintiff, a foreign nonregistering party, into lengthy litigation regarding a matter in which Delaware has no interest whatsoever.

109. Enforcement pursuant to the UIFSA of a registered order may include the imposition of criminal charges that could not otherwise be brought by the State.

110. To the extent that the UIFSA provides the exclusive basis for the Family Court to act in registering a foreign child support order and allows the State to provide relief but does not ensure due process of law, particularly to nonresidents, the UIFSA violates the law of the land.

111. Particularly offensive is the statutory limitation that "[c]onfirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." 13 Del.C. § 6-608.

112. The conditions under which the Family Court of the State of Delaware may exercise personal jurisdiction over a nonresident individual, specified in 13 Del.C. § 6-201(a), do not conform with constitutional due process norms.

113. Under Greek law, Plaintiff is exercising full custody over his child. *See* Exhibit D.

114. Defendant Wehmer has not contributed one dime to the support of her minor child with Plaintiff during the four-plus years that the child has been living with him.

115. Defendant Wehmer pays only for the psychologist who monitors her contact with the child.

116.  Plaintiff still pays all the child's expenses and has done so, voluntarily, for years.

117.  Under the terms of their divorce, both parents must contribute to the support of their child. "The duty to support a child under 18 years of age, whether born in or out of wedlock, shall rest equally upon both parents." 13 Del.C. § 501(c).

118.  A person who pays for all of a child's customary expenses cannot owe child support to a person with whom a child does not live, to a person with no legal custody of a child in the state where that child lives, in the absence of such an order from the courts of that state.

119.  Defendant Wehmer has not requested any child support from Plaintiff through the Greek courts.

120.  Imposition of Delaware litigation upon Plaintiff by the Defendants is vexatious, particularly under the aforesaid circumstances and in light of the fact that Defendant Wehmer has no right to the relief requested from the State of Delaware in the state where the child is living.

121.  As a direct and proximate result of the hereinabove-described acts and omissions of Defendants and their reliance upon Delaware law and court procedure, Plaintiff has been denied due process of law and his established parental rights to his minor child, has been roped into lengthy and difficult litigation in a forum without any relevance to the controversy, and is threatened with enforcement actions by the State of Delaware that could result in additional harm.

## SECOND CAUSE OF ACTION

### VIOLATIONS OF THE FUNDAMENTAL RIGHTS OF PLAINTIFF'S CHILD

122.  Paragraphs 1-121 are re-alleged and incorporated herein by reference.

123.  The minor child in question is a citizen of the Hellenic Republic, living therein.

124.  The Hellenic Republic has ratified the United Nations Convention on the Rights of the Child (CRC), which states that "[i]n all actions concerning children, whether undertaken by public or private social welfare institutions, courts of law, administrative authorities or legislative bodies, the best interests of the child shall be a primary consideration". CRC, Art. 3(1).

- 16 -

125. "[T]he child shall in particular be provided the opportunity to be heard in any judicial and administrative proceedings affecting the child". CRC, Art. 12(2).

126. "No child shall be subjected to arbitrary or unlawful interference with his or her privacy, family, home or correspondence". CRC, Art. 16(1). "The child has the right to the protection of the law against such interference". CRC, Art. 16(2).

127. The United States has signed but not ratified the CRC.  The only other country that has signed but not ratified the CRC is Somalia.

128. Plaintiff asserts that Greek law, including the CRC, applies to any determination of the rights of his child by Defendant Wehmer.

129. Plaintiff asserts that European law, including European Council Regulation (EC) 2201/2003, applies to any determination of the rights of his child by Defendant Wehmer.

130. Delaware law is similar to the CRC in that it requires that the "best interests of the child" standard be applied in every situation wherein a court determines the custodial arrangements of that child's life.

131. The State of Delaware violated this standard in considering litigation brought by Defendant Wehmer pursuant to the UCCJEA and UIFSA concerning Plaintiff and their minor child, and in enforcing it thereafter.

132. Delaware law differs markedly from European Council Regulation (EC) 2201/2003 in that it provides for a much more abbreviated process for recognition of a foreign order and restricts a respondent to a much smaller set of defences.

133. The laws of the State of Delaware violate the rights of this child when its courts, in reference to the UCCJEA and UIFSA, are allowed to rule on matters central to this child's well-being without recognising Greek law and providing that the child herself be heard.

134. The State of Delaware violates the rights of this child by threatening to enforce inappropriate custodial and financial arrangements upon the child without having any State's interest in so

doing, and that it continues to so threaten even when confronted with direct evidence that the orders presented by Defendant Wehmer have been vacated, overruled or otherwise modified.

135. As a direct and proximate result of the hereinabove-described acts and omissions of Defendants and their reliance upon Delaware's UCCJEA and UIFSA, Plaintiff's minor child has been denied her fundamental rights, has had to face a lengthy period of international legal uncertainty, and is threatened with the effect of enforcement actions by the State of Delaware that could result in additional harm to her.

### THIRD CAUSE OF ACTION

#### DAMAGE TO PLAINTIFF AND PLAINTIFF'S CHILD THROUGH FRAUD, CONSPIRACY AND RELATED ACTS OF LEGAL MALPRACTICE BY DEFENDANT ATTORNEYS

136. Paragraphs 1-135 are re-alleged and incorporated herein by reference.

137. Defendants Wehmer, Neiderman, Suter and Mauroeidi conspired to violate the constitutional and parental rights of Plaintiff and the fundamental rights of his child.

138. Defendants Wehmer, Neiderman and Suter conspired amongst themselves and with third parties to obtain the French child custody order dated June 29, 2004 by fraud, resulting in the said order issuing at Plaintiff's expense and in default of his appearance.

139. Defendants Wehmer, Neiderman and Suter conspired to obtain the French order in divorce dated April 5, 2005, without providing notice to Plaintiff or to his court-appointed French attorney, resulting in the said order issuing at Plaintiff's expense and in default of his appearance.

140. The French order of April 5, 2005, filed by Defendant Wehmer under the UIFSA in the Family Court of the State of Delaware on October 11, 2006, explicitly orders changes in the terms of child custody, albeit to the detriment of Plaintiff.

141. Defendants Wehmer and Neiderman specifically misled the Family Court and the Supreme Court of the State of Delaware by not informing the courts as to the existence of the April 4, 2005

- 18 -

decision of the Court of First Instance of Lyon, France, a modifying child custody order, in their filings dated May 2 and August 30, 2005, and January 6, January 22 and February 6, 2006.

142. On November 22, 2005 Defendant Wehmer stated to the Court of First Instance of Athens, Greece that she did not know where Plaintiff and their child were living.

143. However, on November 22, 2005 Defendant Suter served upon Plaintiff in Heraklion, Crete, Greece, the April 5, 2005 order of the Court of First Instance of Lyon through the office of a French bailiff.

144. Defendants Wehmer and Neiderman specifically misled the Supreme Court of the State of Delaware by not informing the court as to the existence of the December 2, 2005 order of the Court of First Instance of Athens, Greece, a modifying child custody order, in their subsequent filings dated January 6, January 22 and February 6, 2006.

145. In the presence of a modifying order, the June 29, 2004 order could never have been confirmed as enforceable in the State of Delaware. 13 Del.C. § 1934.

146. Defendants Wehmer and Neiderman committed fraud by altering one or more documents that were then copied and presented to the courts as originals by Defendants Suter and Mauroeidi.

147. On or about December 6, 2002 Defendant Mauroeidi attested under oath that a copy of one such altered document, a copy of a flight manifest containing the names of persons with reservations for a flight scheduled to depart from Philadelphia on December 1, 2002, which original had been altered by Defendants Wehmer and / or Neiderman, was a copy of the original document.

148. Defendants Wehmer, Neiderman and Mauroeidi conspired to employ the aforesaid documents in conjunction with the registration procedure specified in Delaware's UIFSA to create the impression that the United States had ordered the return of the minor child to Defendant Wehmer and the payment of child support to her.

149. The aforesaid acts of attorneys Neiderman, Suter and Mauroeidi sound in legal malpractice.

150. Defendant Wehmer thereafter attempted to blackmail Plaintiff into agreeing to pay her to desist in

- 19 -

pursuing the Delaware litigation and enforcement of the aforesaid French orders.

151. Defendant Wehmer violated and continues to violate Art. 57 of the Greek Civil Code, which establishes personal rights to privacy of person, by employing the Delaware litigation in conjunction with pictures of Plaintiff and their minor child on her company's web site.

152. Defendant Wehmer violated and continues to violate Art. 58 of the Greek Civil Code, which establishes the rights each person has to his name, by continuing to employ Plaintiff's last name following divorce, and by employing and continuing to employ the first name of Plaintiff's mother without having any legal right to do so. She employed both of those names in her October 11, 2006 filing in the Family Court of the State of Delaware.

153. As a direct and proximate result of the hereinabove-described acts and omissions of Defendants and their reliance upon Delaware's UCCJEA, UIFSA and court procedures that substantially handicap foreign *pro se* parties, Plaintiff has suffered financial injury and incurred substantial costs in contesting the vexatious litigation brought in Delaware by Defendant Wehmer, supported in fraud and conspiracy by the acts or omissions of the defendant attorneys, which acts or omissions sound in legal malpractice, and Plaintiff's minor child has been denied her fundamental rights, has had to face a lengthy period of international legal uncertainty, and is threatened with the effect of enforcement actions by the State of Delaware that could result in additional harm to her.


WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, as it applies to each of Plaintiff's causes of action, for: (1) a declaration that the offending sections of the UCCJEA and the UIFSA violate the federal and / or state constitutions; (2) a preliminary and a permanent injunction preventing the State of Delaware from enforcing the registered French orders or any related French orders that might in future be presented in this State by Defendant Wehmer, whatever their form and format of presentation; (3) a preliminary and a permanent injunction preventing Defendant

Wehmer from registering or seeking enforcement of any further orders pursuant to the UCCJEA or the UIFSA in the State of Delaware; (4) compensatory and punitive damages from the private-party defendants as shall be established by proof at time of trial; (5) costs of suit herein incurred; and (6) such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: __19 Dec. 2006__

Emmanuel N. Lazaridis, Plaintiff acting *pro personam*

## LIST OF EXHIBITS

Exhibit A:  December 5, 2006 Order of the Court of First Instance of Athens vacating its earlier order
no. 6584/2005 pending further argument in the custody matter, with translation (2 pages);

Exhibit B:  Decision no. 45592 issued on June 8, 2006 by the Ministry of Justice of the Hellenic
Republic, which rejected Defendant Wehmer's request for return of the minor child
"because the First Instance Court in Athens has already decided upon the matter of
custody" (1 page);

Exhibit C:  Fax from Defendant Mauroeidi dated September 28, 2006, being a visitation schedule
signed by Defendant Wehmer committing her to visits lasting two or more hours per
week at the office of the minor child's psychologist, with translation (2 pages);

Exhibit D:  Declaration of Attorney Giorgos Stylianakis dated December 7, 2006, with translation
(2 pages).

## TABLE OF CONTENTS

| Page | Section |
|---|---|
| 1 | Nature of Action |
| 2 | Parties |
| 3 | Jurisdiction and Venue |
| 3 | Legal Background |
| 3 | Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) |
| 4 | Uniform Interstate Family Support Act (UIFSA) |
| 5 | Delaware Procedural Background |
| 5 | June 29, 2004 French Child Custody Order |
| 6 | May 16, 2005 Greek Divorce and Child Custody Order |
| 7 | April 5, 2005 French Divorce and Child Custody Order |
| 7 | Greek Procedural Background |
| 7 | September 9, 2004 Dominican Divorce and Child Custody Order |
| 8 | June 29, 2004 French Child Custody Order |
| 9 | Rejection of Request Pursuant To the Hague Convention On the Civil Aspects of International Child Abduction |
| 9 | Allegations of Fact Common To All Claims |
| 10 | CLAIM ONE: Violations of Fundamental Parental and Due Process Rights |
| 10 | Violations Pursuant to the UCCJEA |
| 14 | Violations Pursuant to the UIFSA |
| 16 | CLAIM TWO: Violations of the Fundamental Rights of Plaintiff's Child |
| 18 | CLAIM THREE: Damage To Plaintiff and Plaintiff's Child Through Fraud, Conspiracy and Related Acts of Legal Malpractice By Defendant Attorneys |

ΛΑΖΑΡΙΔΗΣ -ΚΟΡΤΣΙΔΑΚΗΣ
ΣΜΥΡΝΗΣ  14
71201  ΗΡΑΚΛΕΙΟ  ΚΡΗΤΗΣ
        ΕΛΛΑΣ



Clerk of the Court
U.S. District Court for the
    District of Deleware
Lockbox 18
844 N. King Street
Wilmington, DE   19801



Exhibit A

(άρθρο 647 επ. του Κ. Πολ. Δ.)

Συνεδρίαση της ........ 05 | 12 | 20.0.6

| Σύνθεση του Δικαστηρίου | Διάδικοι |
|---|---|
| Σκούτερης Δημήτριος<br><br>Πρωτοδίκης τ. Ο.V. οποίο.....<br>όρισε Πρόεδρο του Τριμελούς<br>Συμβουλίου Διοίκησης του<br>Πρωτοδικείου.<br><br>Κονδύλη Γεωργία<br><br>Γραμματέας | ΤΡΙΤΑΝΑΚΟΠΤΩΝ<br>Εμμανουήλ Λαζαρίδης του Αναστασίου και της Χρειστίνας - Ρεβέκκας Λαζαρίδη, το γένος Νικολάου Νικολάου, κάτοικος Ηρακλεία, ο οποίος εμφανίσθηκε με τον πληρεξούσιο δικαστόρο του Βασίλειο Κονδούλα<br>ΚΑΘΗΣ Η ΤΡΙΤΑΝΑΚΟΠΗ<br>Χρειστίνα - Λευκοθέα Γουέμερ (Christina Lefkothea Wehmer), κάτοικος Η.Π.Α., η οποία δεν εμφανίσθηκε και δεν εκπροσωπήθηκε από πληρεξούσιο δικαστόρο<br>..... |

## ΕΚΘΕΣΗ ΠΡΑΚΤΙΚΩΝ

Η συνεδρίαση έγινε δημόσια στο ακροατήριο του. Ο Δικαστής εκφώνησε την υπόθεση από τη σειρά του πινακίου. Οι διάδικοι παραστάθηκαν όπως σημειώνεται παραπάνω .Ο.. πληρεξούσι.Ο.ς Δικηγόρος

τ.ου Τριτ/ντος............. ζήτησ.Ε... ν' αναβληθεί η συζήτηση της υποθέσεως. Κατόπιν

τούτου το Δικαστήριο ανέβαλε τη συζήτησή της για την 15-02-2007 ημέρα και διατηρεί .το

...Ο.. Δικαστ.ή.ς.

Σκούτερης Δημήτριος

..Η. Γραμματέας

Γι' με βάση το αιτητικό και αναστέλλει ιεχύ της υπ'αριθμ. 6584/05 αποφασης Μονίλους Πρωτοδικείου Αθηνών μέρει την συζήτηση της κρινόμενης τριτανακοπής

## TRANSLATION OF EXHIBIT A

### PROCEEDINGS OF THE SINGLE MEMBER FIRST INSTANCE COURT OF ATHENS

(article 647 et seq. of the Code of Civil Procedure)

Hearing of 12/05/2006

| Present for the Court | The Parties |
|---|---|
| Dimitrios Skouteris<br>Judge of First Instance<br>appointed by the<br>President of the Three-<br>Member Justice<br>Committee of the Court<br>of First Instance<br><br>Georgia Konduli<br>Secretary | PARTY REQUESTING AN ORDER TO VACATE<br>Emmanuel Lazaridis of Anastas and Christina-<br>Rebecca Lazaridis, born Nikolson Nikolaou,<br>resident of Heraklion, who appeared with his<br>plenipotentiary attorney Basileio Kousoula<br>REQUESTING TO VACATE AN ORDER AGAINST<br>Christina-Lefkothea Wehmer (Christina Lefkothea<br>Wehmer), resident of the U.S.A., who did not<br>appear and was not represented by a<br>plenipotentiary attorney |

### REPORT OF PROCEEDINGS

The hearing was held in public in the courtroom. The Judge called the case according to its order on the board. The parties appeared as specified above. The plenipotentiary attorney of the party requesting an order to vacate requested postponement of the discussion of the case. Further to this the Court postponed its discussion for 02/15/2007 and orders Gº

The Judge                              The Secretary

[signature of Dimitrios Skouteris]          [signature of the secretary]

Gº      based on the pleading and vacates the effect of the no. 6584/05 order of the Single Member First Instance Court of Athens pending discussion of the judged upon request for an order to vacat.  [signature of the secretary]

FROM THE NATIONAL PUBLISHING HOUSE NUMBER OF FORM 313/2004

# SEALED

# DOCUMENT

D.E.A.  ΚΟΙΝΟΤΙΚΟΥ ΔΙΚΑΙΟΥ

ΑΝΩΠΟΛΕΩΣ 12 (3ος όροφος)
712 01   ΗΡΑΚΛΕΙΟ - ΚΡΗΤΗΣ

ΤΗΛ.: (081) 226465, 284316
FAX: (081) 280056



## ΒΕΒΑΙΩΣΗ

Ο υπογράφων δικηγόρος Γεώργιος Στυλιανάκης, εκ των πληρεξουσίων δικηγόρων του κ. Εμμανουήλ Λαζαρίδη, κατοίκου Ηρακλείου Κρήτης, δικονομική διεύθυνση Σμύρνης 14 (δικηγόρος Αγνή Κορτσιδάκη), βεβαιώνω ότι κατά τη συζήτηση χθες, 6-12-2006, στο Μονομελές Πρωτοδικείο Ηρακλείου, της από 28-6-2006 Τριτανακοπής της Τίνας-Λαβίνι Γουέιμερ κατά του ιδίου και της με αρ. 435/16-5-2005 απόφασης του Δικαστηρίου αυτού που εκδόθηκε στην από 23.3.2005 Αίτησή μου για αναγνώριση της με αρ. 271-2004-614/6-9-2004 αλλοδαπής απόφασης με την οποία λύθηκε ο μεταξύ των διαδίκων γάμος και ανατέθηκε στον πατέρα η γονική μέριμνα επί του ανηλίκου τέκνου Βαρβάρας, της ζητήθηκε να προβεί σε επιλογή κατοικίας στην Ελλάδα και δη στο Ηράκλειο και να ορίσει διεύθυνση για επίδοση των πάσης φύσεως δικογράφων μας που την αφορούν, όπως ο νόμος ορίζει. Κατόπιν αυτού αρχικά δήλωσε ότι μένει στο Ηράκλειο αλλά δεν επιθυμεί να γνωστοποιήσει τη διεύθυνσή της και στη συνέχεια ότι επιλέγει κατοικία για επιδόσεις πάσης φύσεως δικαστικών εγγράφων στη διεύθυνση της πληρεξουσίας δικηγόρου της Αφροδίτης Μαυροειδή, Εβανς 87, Ηράκλειο Κρήτης.

Η παρούσα, η οποία θα επιβεβαιωθεί από τα Πρακτικά της δίκης που δεν είναι ακόμη έτοιμα, χορηγείται για κάθε νόμιμη χρήση.

Ηράκλειο, 7-12-2006

ΓΙΩΡΓΟΣ ΣΤΥΛΙΑΝΑΚΗΣ
ΔΙΚΗΓΟΡΟΣ
ΑΝΩΠΟΛΕΩΣ 12 - ΤΚ 71201 ΗΡΑΚΛΕΙΟ ΚΡΗΤΗΣ
ΤΗΛ: 226.465 - FAX : 280.056
ΑΦΜ 029874272 - Β΄ ΔΟΥ ΗΡΑΚΛΕΙΟΥ

## TRANSLATION OF EXHIBIT D

Giorgos Stylianakis
Attorney
D.E.A. Community Law

Anopoleos 12 (3rd floor)                   Tel: (081) 226465, 284316
712 01  Heraklion - Crete                         Fax: (081) 280056

### DECLARATION

The undersigned attorney Giorgos Stylianakis, from the authorised attorneys of Mr.
Emmanuel Lazaridis, resident of Heraklion Crete, having legal address Smyrnis 14
(attorney Agni Kortsidakis), declare that during the hearing yesterday, 12-6-2006, in the
Single Member Court of First Instance of Heraklion, about Tina-Lavina Wehmer's 6-28-2006
Third-Party Suit to Vacate the 435/5-16-2005 decision of that Court that was ordered
pursuant to your 3-23-2005 Request for recognition of the foreign decision with number
271-2004-614/9-6-2004 with which the marriage between the parties was dissolved and
with which the physical and legal custody of the minor child Varvara was granted to the
father, it was requested of her to provide her selected residence in Greece and here in
Heraklion and to declare an address for service of every kind of legal document from us
concerning her, as the law provides.  Following this she declared that she resides in
Heraklion but that she does not wish to make known her address and thereafter that she
chooses a domicile for service of every kind of legal document at the address of her
plenipotentiary lawyer Afrodite Mayroeidi, Evans 87, Heraklion Crete.

This document, which will be verifiable from the Transcript of the court hearing which are not
yet ready, is provided for every legal use.

Heraklion,  12/7/2006

[official seal of attorney]
[signature]

Emmanuel N. Lazaridis
Lazaridis - Kortsidakis
Smyrnis 14
71201 Heraklion, Crete, GREECE
Tel:   +30 281 033 3346 (Greece)
Fax:  +01 484 631 0508 (USA)

December 19, 2006

Clerk of the Court
United States District Court
  for the District of Delaware
Lockbox 18
844 N. King Street
Wilmington, DE 19801
Tel:  (302) 573-6170



Dear Clerk:

- 0 6 - 7 9 3 -

Enlcosed please find two (2) copies of my new civil Complaint with completed summons
sheets, and two (2) motions for expedited consideration by a magistrate judge with related
materials attached.

Please note that I am requesting permission to proceed *pro personam*, *in forma pauperis*. I am
forced to file by mail because I live thousands of miles away from this Court and am
summarily unable to present myself before it.

Because regular mail from you may take over a month to arrive at my home, I kindly request
that you fax me at the U.S. fax number specified above to inform me of any problems, or when
and if my motions are granted or denied.

Thank you, in advance, for your timely attention to this matter.

Sincerely,

Dated:  19 - Dec. 2006

Emmanuel Lazaridis