IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMMANUEL N. LAZARIDIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-793-SLR |
| | ) |
| LAVINA TINA WEHMER, MATTHEW NEIDERMAN, CATHERINE SUTER, AFRODITI MINA MAUROEIDI, OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF DELAWARE and ATTORNEY GENERAL JOSEPH BIDEN, III, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of August, 2007, having considered plaintiff's motions for miscellaneous relief and the papers submitted in connection therewith;

IT IS ORDERED that plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915 for the reasons that follow:

1. On December 27, 2006, plaintiff Emmanuel Lazaridis,[1] residing in Greece, filed this action against: (1) Tina Lavina Wehmer, his former wife; (2) Matthew Neiderman, his former wife's Delaware attorney; (3) Catherine Suter, his former wife's

---

[1] According to plaintiff, he has a Ph.D. in statistics from the University of Chicago. For ten years, he worked "continuously as a medical statistician and biostatistician with expertise in pharmaceutical development, aging, diabetes, health services and cancer genetics, as a faculty professor and researcher for such prestigious institutions as the Indiana University School of Medicine, the H. Lee Moffitt Cancer Center and Research Institute, and the World Health Organization." Lazaridis v. Drai, 05-CV-1193 (N.D. N.Y. September 20, 2005) (D.I. 1 ¶¶ 6, 7)

French attorney; (4) Afroditi Mina Mauroeidi, his former wife's Greek attorney; and (5) the Attorney General of Delaware. (D.I. 3) Plaintiff moves for a declaration that the child custody and child support orders issued by French courts are unenforceable and violate plaintiff's due process rights under the United States and Delaware Constitutions. He challenges provisions of Delaware's Uniform Child Custody Jurisdiction and Enforcement Act and the Uniform Interstate Family Support Act as unconstitutional. (Id. at ¶ 1) Plaintiff seeks injunctive relief to prevent defendants from registering and enforcing any further French Court orders. (Id. at ¶ 2) He was granted leave to proceed in forma pauperis and ordered to complete service forms for each defendant.[2] (D.I. 5, 8) Pending are plaintiff's: (1) motion for temporary restraining order; (2) request for ex parte relief regarding the service order; and (3) motion for approval of subpoena related to service. (D.I. 10, 11, 12)

2. This is not the first time plaintiff has sought relief in federal court for issues related to his child custody dispute.[3] Lazaridis v. Lazaridis, Civ. No. 02-

---

[2]When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Specifically, § 1915(e)(2)(B) provides that the court may dismiss a complaint, **at any time**, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. (emphasis added).

[3]Having considered the instant filings as well as the cases referenced, the following background is gleaned: Emmanuel Lazaridis and Christina Lazaridis (referred to by plaintiff as Lavina Tina Wehmer) were married in 1995 in Indiana. In July 2000, the Lazaridises had a daughter ("V.L."). In December 2001, Emmanuel accepted a job in Lyon, France with the International Agency for Research on Cancer, an agency of the World Health Organization. In February 2002, the family moved to Wilmington, Delaware. In May 2002, they moved to Lyon, France. Because the marriage deteriorated, Christina and V.L. returned to the United States to reside in West Olive, Michigan in September 2002. Subsequently, Christina was hospitalized for approximately six weeks, during which time V.L. resided with Christina's parents in

2

1681-SLR, 2003 WL 21056744 (D. Del. May 7, 2003) (plaintiff's suit against his former wife pursuant to the International Child Abduction Remedies Act, 42 U.S.C. § 11601 was dismissed for lack of jurisdiction); Lazaridis v. Drai, 1:05-CV-1193 (FJS)(DRH) (N.D. N.Y. 2007) (a motion to dismiss is pending in plaintiff's action against his former attorney for legal malpractice allegedly occurring during divorce and custody proceedings in France.); Lazaridis v. The Herald Company, 5:05-cv-111, 2006 WL 222839 (W.D. Mich. January 26, 2006) (court dismissed plaintiff's complaint based on the fugitive disentitlement doctrine), aff'd, Lazaridis v. The Herald Company, No. 06-1830 (6th Cir. March 13, 2007); Lazaridis v. Donker, No. 1:07-fp-376, 2007 WL 2029645 (W.D. Mich. July 11, 2007) (court applied fugitive disentitlement doctrine to plaintiff's complaint against various state judges, state court personnel, an FBI agent, a deputy sheriff, several attorneys and his former wife and dismissed case pursuant to § 28 U.S.C. 1915(e)(2)(B)(I)).

3. The fugitive disentitlement doctrine limits a fugitive's access to the judicial system when he has fled criminal prosecution in a court of the United States. Ortega-

---

Ottawa County, Michigan. Emmanuel initiated divorce proceedings in France and Michigan. On November 4, 2002, an Ottawa County Court granted Emmanuel temporary custody of V.L.. Emmanuel immediately left Michigan with V.L., eventually relocating in Greece. In September 2003, after the Ottawa County Court determined that it lacked jurisdiction over the child custody dispute, the custody issues were litigated in French Courts. Sometime thereafter, a French Court awarded custody of V.L. to Christina. A French Court custody order was registered for enforcement in Ottawa County Court. In October of 2004, a felony warrant for Emmanuel's arrest on the charge of kidnapping V.L. was issued by the Ottawa County Court. Emmanuel is aware of the outstanding warrant for his arrest, but disputes its legitimacy and refuses to return to the United States to address the charge. See Lazaridis Herald Co., No. 06-1830 (6th Cir. March 13, 2007); Lazaridis v. Lazaridis, Civ. No. 02 02-1681-SLR, 2003 WL 21056744 (D. Del. May 7, 2003).

Rodriguez v. United States, 507 U.S. 234, 239 (1993). "Although the doctrine has historically been utilized by courts of appeals to dismiss appeals of fugitives, district courts may sanction or enter judgment against parties based on their fugitive status." Atkinson v. Taylor, 277 F. Supp. 2d 383, 385 (D. Del. 2003) (citations omitted).

4. The fugitive disentitlement doctrine, however, does not automatically prohibit a criminal fugitive from maintaining a civil action in federal court. Degen v. United States, 517 U.S. 820 (1996). In order to dismiss a civil action based on the doctrine, the court must find that: (1) plaintiff is a fugitive; (2) his fugitive status has a connection to the civil action pending; and (3) the sanction considered (dismissal) is necessary to achieve the concerns underlying the doctrine.[4] Degen, 517 U.S. 823-828; Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998).

5. The record reflects that the felony arrest warrant for kidnapping issued against plaintiff by the Ottawa County Court remains outstanding. Warrant Felony, Michigan v. Emmanuel Nicholas Lazaridis, No. 04-28231-FY (October 7, 2004). Plaintiff's fugitive status is inextricably connected to the action at bar because he urges this court to void the French Court orders which awarded custody of V.L. to his former wife and were the impetus of the felony arrest warrant. Any action by this court regarding the French Court custody orders has the potential to affect the felony arrest warrant issued by the Ottawa County Court.

---

[4]Rationale for the doctrine include: (1) problems associated with enforcing any civil judgment; (2) prejudice to the adversary; (3) discourages escape; (4) encourages voluntary surrender; and (5) promotes efficient operation of the courts. Degen, 517 U.S. at 824 (citations omitted); In re Assets of Martin, 1 F.3d 1351, 1356 (3d Cir. 1993); Empire Blue Cross and Blue Shield v. Finklestein, 111 F.3d 278, 280 (2d Cir. 1997).

6. By dismissing this action without prejudice, plaintiff is not prevented from challenging the custody orders in France. Plaintiff is likewise not precluded from resuming this litigation after answering the Ottawa County arrest warrant.

IT IS FURTHER ORDERED that plaintiff's motions (D.I. 10, 11, 12) are denied as moot.

_____
United States District Judge