IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMMANUEL N. LAZARIDIS, individually and in his capacity as legal custodian of V. L., a minor, ) ) ) | |
| Plaintiff, ) | Civil Action No. 06-793 SLR |
| ) | |
| v. ) | Hon. Sue L. Robinson |
| ) | |
| TINA LAVINA WEHMER, ) MATTHEW NEIDERMAN, ) CATHERINE SUTER, ) AFRODITI MINA MAUROEIDI, and ) the OFFICE OF THE ATTORNEY GENERAL ) OF THE STATE OF DELAWARE, by and ) through Joseph R. Biden, III, Attorney General. ) | MOTION FOR STAY PENDING APPEAL |
| ) | |
| Defendants. ) ) | |

Plaintiff, Emmanuel N. Lazaridis, requests that the Court stay its order of August 8, 2007 pending appeal and order that service be effected on the defendants pursuant to the Court's prior order of April 16, 2007, and in support of his request states as follows:

1. On July 30, 2007 the Family Court of the State of Delaware issued the Civil Disposition annexed to plaintiff's concurrently-submitted Motion For an Injunction Pending Appeal, vacating registration of the April 5, 2005 order issued by the Court of First Instance of Lyon, France, ruling that Greece is properly exercising jurisdiction over the matter of custody of plaintiff's minor child, but reserving judgement with respect to registration of Greek child custody orders until the present case is heard on its merits, stating: "If there are no pleadings within thirty days of the District Court decision *and this court is found to have jurisdiction to register foreign custody orders*, the January 31, 2007 Greek Order shall be deemed to be registered in this court, without further court action, effective two months after the final order in the District Court case." (emphasis added).

2. The Family Court's order of July 30, 2007 explicitly recognises that its jurisdiction is at issue, and it defers to this Court's future judgement on the constitutional issues.

3. This Court dismissed the present case without clearly stating the grounds for dismissal in its August 8, 2007 Order. In footnote 2 of its Order the Court noted: "When a litigant proceeds in forma pauperis, 20 U.S.C. § 1915 provides for dismissal under certain circumstances. Specifically, § 1915(e)(2)(B) provides that the court may dismiss a complaint, **at any time**, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. (emphasis added)."

4. The Court reasoned that "any action" it might take "regarding the French Court custody orders has the potential to affect the felony arrest warrant issued by the Ottawa County [Michigan] Court", "because [plaintiff] urges this court to void the French Court orders which awarded custody of V.L. to his former wife and were the impetus of the felony arrest warrant." As stated above and indicated in plaintiff's concurrently-submitted Motion For an Injunction Pending Appeal, **the competing jurisdictional claims of France and Greece have already been ruled upon by the Family Court of the State of Delaware, which surpassed its constitutional authority in so doing but nevertheless found in favour of initial and continuing Greek jurisdiction over the child custody dispute.**

5. If the Court meant to dismiss the present case in order to impede recognition of Greek jurisdiction over the child custody matter, the Family Court's final order of July 30, 2007 substantially undermined the Court's August 8, 2007 reasoning.

6. If the Court meant to dismiss the present case on the basis of the doctrine of fugitive disentitlement -- arguably a failure to state a claim or upon which relief may be granted -- its order, made prior to service of process on the defendants, was premature as well as improper.

7. Complaint filed in forma pauperis was improperly dismissed for failure to state claim before service of process. *Oatess v. Sobolevitch*, 914 F.2d 428 (3rd Cir. 1990). When a complaint is

dismissed for failure to state a claim upon which relief may be granted, a plaintiff should be granted the opportunity to amend his complaint unless amendment would be futile. *Shane v. Fauver*, 213 F.3d 113, 116 (3rd Cir. 2000).

8. The Court referred to *Lazaridis v. The Herald Company*, No. 06-1830 (6th Cir., March 13, 2007) in its order, where it is specifically noted that a court "would be advised to resist application of the doctrine [of fugitive disentitlement] were some fundamental right implicated". The present case implicates the fundamental rights of plaintiff **and his minor child**.

9. Moreover plaintiff has answered the Ottawa County arrest warrant and has been appointed an attorney to effect his defence: Mr. Thomas Smith, The Smith Law Firm, 314 N. 120th Avenue, Suite 5, Holland, Michigan 49424.

10. District Court may dismiss *pro se* complaint *sua sponte*, without service of process and without providing plaintiffs opportunity to amend, only if complaint is frivolous; complaint may be dismissed as frivolous only if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). When frivolous complaint can be remedied by amendment, district court must permit amendment and may not dismiss complaint as frivolous. *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451 (3rd Cir. 1996). In order to satisfy test of frivolousness under 28 USCS § 1915(d) [re-designated as (e)], it is essential for court to find beyond doubt and under any arguable construction, both in law and in fact, of substance of claim, that plaintiff would not be entitled to relief. *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). Dismissal under either 28 USCS §§ 1915A(a) or 1915(e)(2)(B) is not appropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief and that rule applies with particular force where plaintiff alleges civil rights violations or where complaint is submitted *pro se*. *Lewis v. Gallivan*, 315 F Supp 2d 313 (WD NY 2004). Under 28 USCS § 1915 test for determining if action is frivolous or without merit is whether plaintiff can make

rational argument on law or facts in support of his claim. *Collins v. Hladky*, 603 F.2d 824 (10th Cir. 1979). In determining possible frivolous nature of complaint under 28 USCS § 1915(d) [re-designated as (e)], complaint will be construed liberally. *Ibarra v. Olivarri*, 587 F.2d 677 (5th Cir. 1979).

11. **Plaintiff's child is definitely entitled in law and in fact to the relief requested whether or not her father is accused of a crime by the County of Ottawa, Michigan.**

12. So long as the possibility of entitlement to relief is not foreclosed, a complaint may not be dismissed *sua sponte* under 28 U.S.C. §1915.

13. The United States Court of Appeals for the Third Circuit served plaintiff's Notice of Appeal upon the Office of the Attorney General of the State of Delaware *sua sponte*, without the said defendant having been served with process or having appeared in the case below.

14. Service of process upon defendants in foreign countries may take a long time, adding further delay to a case that is likely to be allowed to proceed upon appeal.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Stay its August 8, 2007 Order pending appeal;

B. Serve the defendants with process pursuant to its Order of April 16, 2007 Order; and

C. Grant any other relief that the Court deems appropriate.

_____  Dated: September 10, 2007

Emmanuel N. Lazaridis

Lazaridis - Kortsidakis
Smyrnis 14
71201 Heraklion, Crete
GREECE
Tel:  +30 281 033 3346
Fax:  +01 484 631 0508 (USA)