IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMMANUEL N. LAZARIDIS, individually and in his capacity as legal custodian of V. L., a minor,<br><br>Plaintiff,<br><br>v.<br><br>TINA LAVINA WEHMER,<br>MATTHEW NEIDERMAN,<br>CATHERINE SUTER,<br>AFRODITI MINA MAUROEIDI, and<br>the OFFICE OF THE ATTORNEY GENERAL<br>OF THE STATE OF DELAWARE, by and<br>through Joseph R. Biden, III, Attorney General.<br><br>Defendants. | Civil Action No. 06-793 SLR<br><br>Hon. Sue L. Robinson<br><br><br><br>RENEWED MOTION FOR AN<br>INJUNCTION PENDING APPEAL |

Plaintiff, Emmanuel N. Lazaridis, in light of the Court's Order of August 8, 2007 and recent developments herein described, requests pursuant to Fed. R. Civ. P. 62(c) that the Court issue an injunction pending appeal of the said Order to prohibit the State of Delaware from enforcing foreign orders registered in its Family Court under Delaware's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 13 Del. C. § 1901 *et seq.*, and its Uniform Interstate Family Support Act ("UIFSA"), 13 Del. C. § 6, and preventing the private defendants from registering any further foreign orders in the State of Delaware or from otherwise seeking enforcement of such orders, and in support of his request states as follows:

1. Plaintiff incorporates herein by reference his July 11, 2007 Ex Parte Motion For a Temporary Restraining Order, and his September 10, 2007 Motion for an Injunction Pending Appeal.

2. On November 29, 2007 the Family Court of the State of Delaware issued a Civil Disposition, annexed hereto, by which it refused to vacate registration of the June 29, 2004 French child custody order, despite having held in its July 30, 2007 Civil Disposition (Doc. 21, Ex. 1) that

registration of the subsequent April 5, 2005 French divorce order must be vacated because its terms were modified by the Greek child custody order of January 31, 2007.

3. The Court is reminded that the July 30, 2007 Civil Disposition of the Family Court vacated registration of the April 5, 2005 order in divorce issued by the Court of First Instance of Lyon, France, accepted that Greece is exercising proper jurisdiction over the matter of custody of plaintiff's minor child, but reserved judgement with respect to registration of Greek child custody orders until the present case is heard on its merits, stating:

> "If there are no pleadings within thirty days of the District Court decision *and this court is found to have jurisdiction to register foreign custody orders*, the January 31, 2007 Greek Order shall be deemed to be registered in this court, without further court action, effective two months after the final order in the District Court case" (emphasis added).

4. In fact, at least four child custody orders concerning V.L. have issued since June 29, 2004, all differing in terms from the French order of June 29, 2004, a fact of which the Family Court of the State of Delaware is clearly aware.

5. The November 29, 2007 Civil Disposition of the Family Court establishes beyond any shadow of a doubt that the French child custody order of June 29, 2004 -- an order no longer enforceable anywhere else in the entire world, including in the State in which it was issued -- is currently enforceable by the State of Delaware.

6. "A court of this State may grant any relief normally available under the law of this State to enforce a registered child custody determination made by a court of another state." 13 Del.C. § 1935. Not only the judicial branch but other authorities may also be called upon to enforce a registered order. (Doc. 3 at ¶ 14)

7. In its August 8, 2007 Order, this Court held as follows:

> "A French Court custody order [of June 29, 2004] was registered for enforcement in Ottawa County Court. In October of 2004, a felony warrant for Emmanuel's arrest on the charge of kidnapping V.L. was issued by the Ottawa County Court."

and

> "Plaintiff... urges this court to void the French Court orders which awarded custody of V.L. to his former wife and were the impetus of the felony arrest warrant. Any action by this court regarding the French Court custody orders has the potential to affect the felony arrest warrant issued by the Ottawa County Court."

8. In so holding, the Court admitted that Plaintiff is subject <u>at this time</u> to criminal prosecution and other enforcement actions by the State of Delaware on the basis of the <u>currently registered and enforceable French Order of June 29, 2004</u>, the same order which was "the impetus" for Ottawa County's defunct prosecution.

9. Taken together, the July 30 and November 29, 2007 Civil Dispositions of the Family Court conclusively demonstrate that the law of the State of Delaware leads to preposterous as well as unconstitutional results.

10. Because this Court declined to issue a temporary restraining order and dismissed this case on August 8, 2007 without effecting service on the defendants, Plaintiff and his minor child are still unconstitutionally subject to enforcement actions by the State of Delaware. The State through its Family Court has deferred to this Court judgement on the constitutional issues raised by plaintiff.

11. On November 7, 2007 this Court granted Plaintiff's Motion to Stay (Doc. 20) the Court's dismissal order of August 8, 2007, but terminated without explanation Plaintiff's Motion For an Injunction Pending Appeal as moot.

12. The subsequent November 29, 2007 Civil Disposition of the Family Court establishes that the matter of Plaintiff's need for an injunction is anything but moot. Further legal proceedings with regard to the requested injunction can have the effect of rendering the registered June 29, 2004 French Court Order unenforceable, and events have not placed such an injunction beyond the reach of this Court.

13. For the reasons stated above and in plaintiff's aforesaid earlier motions, denial of the present request would result in irreparable harm to plaintiff and his minor child, whereas granting the present request would not result in any harm to the defendants and would be in the public

interest.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Issue an injunction pending appeal to prohibit the State of Delaware from enforcing foreign orders registered in its Family Court under Delaware's UCCJEA and its UIFSA, and to prevent the private defendants from registering any further foreign orders in the State of Delaware or from otherwise seeking enforcement of such orders;

B. Notice defendants for a hearing further to issuance of an injunction; and

C. Grant any other relief that the Court deems appropriate.

_____  Dated: December 17, 2007

Emmanuel N. Lazaridis

Lazaridis - Kortsidakis
Smyrnis 14
71201 Heraklion, Crete
GREECE
Tel:  +30 281 033 3346
Fax: +01 484 631 0508 (USA)

